IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR353 |
| v. | |
| TRAVIS CHRISTOPHER HARVEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Travis Christopher Harvey's ("Harvey") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 133). The Court has reviewed the record in this case and concludes the motion should be denied. Because the record conclusively demonstrates Harvey is not entitled to relief, no evidentiary hearing is necessary. 28 U.S.C. § 2255(b); *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (finding a district court may deny an evidentiary hearing when a defendant's allegations "are either contradicted by the record or would not entitle him to relief").

I.  **BACKGROUND**

On February 27, 2020, a jury found Harvey guilty of one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The indictment alleged Harvey was involved in the conspiracy between October 1, 2018, and November 16, 2018, even though the investigation into this drug conspiracy had been ongoing since mid-2017.

Harvey was indicted along with his drug supplier, Keevan Dean ("Dean"), and Dean's girlfriend, both of whom testified at trial against Harvey. Dean testified he had been selling methamphetamine to Harvey since 2017, in the amount of two to four pounds of methamphetamine every two weeks. Dean's girlfriend testified she played a minor role in the drug conspiracy, but she recalled delivering methamphetamine to Harvey regularly,

beginning sometime between May and July of 2018. In executing a search warrant at Harvey's apartment, Drug Enforcement Administration agents found two baggies containing 7.79 and 11.79 grams of methamphetamine, respectively. They also found $30,000 in cash.

Crediting some of the testimony of Dean and Dean's girlfriend, at sentencing, the Court held Harvey responsible for a total of 5.442 kilograms of methamphetamine, based on an average of two pounds per week from June to October 2018. With a criminal history category VI, this drug quantity resulted in a United States Sentencing Guidelines range of 262 to 327 months imprisonment. The Court sentenced Harvey to 240 months imprisonment, followed by 5 years of supervised release. Harvey appealed his sentence, arguing the Court committed procedural error in making that drug-quantity determination. *See United States v. Travis Harvey*, No. 20-2350, 2021 WL 2588026, at *2 (8th Cir. June 24, 2021) (unpublished). He argued he should only be held responsible for the drugs delivered to him during the time period of the conspiracy, as outlined in the indictment. *Id.* The Eighth Circuit found no error in this Court's calculations and affirmed the sentencing decision. *Id.*

## II.   DISCUSSION
### A.   Standard of Review

Section 2255(a) authorizes a federal prisoner to seek post-conviction relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Review under § 2255 "is an extraordinary remedy and will not be allowed to do service for an appeal." *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020) (quoting

*Bousley v. United States*, 523 U.S. 614, 621 (1998)). Although a petitioner is generally entitled to an evidentiary hearing, one is not required when "the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); 28 U.S.C. § 2255(b).

### B. Harvey's Sentence and Claim of Ineffective Assistance of Counsel

In the present § 2255 motion, Harvey raises the same arguments he made on appeal. He contends the Court should not have attributed any drug-quantity amounts to him outside of the timeframe of the conspiracy as stated in the indictment. Harvey cannot relitigate those issues again as a § 2255 motion. *See, e.g.*, *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981))).

Along similar lines, Harvey argues his counsel was ineffective because he "should have effectively raised the issue of the court's use of unavailable/unauthorized information with regard to sentencing," meaning the drug quantity the Court attributed to him at sentencing. As Harvey sees it, he would have received a lower sentence if his counsel would have more effectively argued against the Court's decision to consider Harvey's illegal drug activity prior to October 1, 2018. To succeed on a claim of ineffective assistance of counsel, Harvey must show "(1) [his] counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) [his] counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008).

As to Harvey's claim his counsel's performance was deficient, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Counsel's performance is deficient if they have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

3

at 687. To prove prejudice, Harvey must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669. He has shown neither. Harvey's counsel aptly argued against the Court's drug-quantity decision at sentencing and on appeal. Furthermore, the Court stated at sentencing that it would impose a 240-month sentence anyway, based on the § 3553(a) factors and Harvey's criminal history.

### C. No Certificate of Appealability

A petitioner under § 2255 cannot appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). This Court cannot issue a certificate of appealability unless Harvey "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Harvey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made such a showing, and the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. Travis Christopher Harvey's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 133) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Harvey at his address of record.

Dated this 22nd day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge